UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20929-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

JUAN FELIPE MARTINEZ
        Defendant.

_____/

### JUAN MARTINEZ'S MOTION IN LIMINE TO EXCLUDE EXTRINSIC EVIDENCE

Juan Martinez, by and through undersigned counsel, moves the court for an order excluding from the trial in this matter the government's proffered Fed. R. Evid. 404(b) evidence (DE 111), and in support thereof, states:

### Background

On October 1, 2014, the government filed a notice, pursuant to F.R. Evid. 404 (b), of its intent to introduce "documents from the U.S. Small Business Administration (SBA) that were submitted by the defendant and his wife in support of a loan for home repairs due to damage by Hurricane Wilma."  See Government's Notice of 404 (b) Evidence (DE 111).  One of the attachments to the loan application (EVI 264-000087) is a June 6, 2006 estimate by World Kitchens for repair to the hallway bathroom. The government contends this estimate is fraudulent, not having been prepared by "anyone authorized" in World Kitchens. The government contends that this evidence should be admitted because

1

it is relevant to counts 1 and 2 (counterfeit State Department document) and counts 5 and 6 (inaccurate Special Public Benefit Parole forms) in that it shows "opportunity, intent, preparation, plan, knowledge, lack of mistake or accident."

As demonstrated below, the SBA documents are not relevant to any issue in this case.  To the contrary, the evidence the government would introduce concerning the Martinez's application for a Small Business Administration loan is precisely the type of evidence proscribed by Rule 404 (b) -- that is , purported evidence of an unrelated bad act in an attempt to show that Agent Martinez possesses a bad character and that he acted in conformity with that bad character in committing the crimes charged in the Indictment. Even assuming *arguendo* that the court were to find that SBA evidence bears some relevance to the crimes charged in the Indictment, the probative value of that evidence would be substantially outweighed by the undue prejudice, jury confusion, and delay that would result from its admission.  Accordingly, the government's proffered 404(b) evidence should be precluded.

### The Small Business Administration Loan

In 2006, the Martinez's home sustained significant damage from Hurricane Wilma.  Agent Martinez and his wife applied for a Small Business Administration (SBA) loan in order to obtain funds necessary to make repairs to their home.  As part of the application process, the Martinez's submitted two estimates for repairs to a hall bathroom; one from World Kitchens in the amount of $7,329.50 (the one the government seeks to introduce under Rule 404(b)) and one from Citizen's Insurance for $9,701.61.  The SBA loan was granted, repairs were made, and the loan was fully repaid by 2009.

The government now contends that the 2006 World Kitchen estimate was not prepared by "anyone authorized" in World Kitchens and it is therefore "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" in the instant case. (DE 111). In fact, the World Kitchens document was legitimate and accurately reflected the estimated cost of repairs.

## Rule 404 (b) Admissibility Standards

It is axiomatic that evidence of extrinsic offenses is not admissible solely to demonstrate the criminal disposition of an accused to support the inference that he committed the crime with which he is charged. *Michelson v. United States, 335 U.S. 469, 475-76, 69 S. Ct. 213, 218, 93 L. Ed. 168 (1948)*. "Other act" evidence is admissible, however, in limited circumstances as set forth in *Rule 404(b) of the Federal Rules of Evidence*, which provides in pertinent part:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"A three step test is applied in determining the admissibility of extrinsic 404(b) evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the jury could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by undue prejudice." *United States v. Barrington, 648 F.3d 1178, 1186 (11th Cir. 2011), cert. denied, 132 S. Ct. 1066, 181 L. Ed. 2d 781 (2012)*; *United States v. Jernigan,* 341 F.3d 1273, 1280 (11th Cir. 2003); *United States v.*

*Cancelliere,* 69 F.3d 1116 (11th Cir. 1995); *United States v. Delgado,* 56 F.3d 1357, 1365 (11th Cir. 1995), *citing United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978).

A seminal case in this area is *United States v. Beechum, supra.* The test for relevancy under the first step of the Beechum analysis is governed by *Fed.R.Evid. 401* under which the evidence sought to be admitted must tend to make the existence of some fact to be proved more or less probable than it would be without the evidence. *Beechum, 582 F.2d at 911*; *Fed.R.Evid. 401*. The relevancy of extrinsic evidence under Beechum is a function of the degree of similarity between the extrinsic act and the offense charged. In this regard, the extrinsic and the charged offense must have more than a mere characteristic in common; the common characteristic must be "the significant one for the purpose of the inquiry at hand." *582 F.2d at 911*. Thus, where the issue for which the extrinsic evidence is admitted is the defendant's intent to commit the offense charged, the relevancy of the "other act" evidence derives from the defendant's having possessed the same state of mind in the commission of both the extrinsic act and the charged offense. *United States v. Dothard,* 666 F.2d 498 (11th Cir. 1981), *citing United States v. Guerrero*, 650 F.2d 728 (5th Cir. 1981); *Beechum, 582 F.2d at 911*.

The Eleventh Circuit weighed in on this issue in *United States v. Holman*, 80 F.2d 1340 (11th Cir. 1982) when, quoting from Beechum, it stated:

> In measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic and charged offenses. If they are dissimilar except for the common element of intent, the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence. Of course, equivalence of the elements of the charged and extrinsic offenses is not required. But the probative value of the extrinsic offense correlates positively with its likeness to the offense charged. Whether the extrinsic offense is sufficiently similar in its physical elements so that its probative value is not substantially outweighed by its undue prejudice is a

4

> matter within the sound discretion of the trial judge. The judge should also consider how much time separates the extrinsic and charged offenses: temporal remoteness depreciates the probity of the extrinsic offense. *E.g., United States v. Carter,* 516 F.2d 431, 434-35 (5th Cir. 1975).

582 F.2d at 915.

The Eleventh Circuit's application of the Rule 404(b) relevancy analysis in *United States v. Utter,* 97 F. 3d 509 (11th Cir. 1996) is also instructive. *Utter* was an arson prosecution. The government presented evidence that, subsequent to the fire charged in the indictment, the defendant threatened to burn out a tenant with whom he was having a dispute. The government also presented evidence that, prior to the offense charged, the defendant's home (which was in foreclosure) had been destroyed by fire. The court held that the evidence of the first incident was "completely irrelevant to any issue at trial" and "sought only to show Utter's propensity to commit arson." 97 F. 3d at 513. As to the burning down of Utter's house, the court held that the government failed to show that the fire was the result of arson and that, in any event, it was so tangential to the current case that "it's probative value [was] substantially outweighed by the danger of unfair prejudice." *Id.* at 514 (citing to Fed. R. Evid. 403).

*United States v. Krezdorn*, 639 F.2d 1327 (5th Cir. Tex. 1981), is a case that has similarities to this one. Krezdorn was a federal immigration inspector who was convicted of falsely making and forging the signature of another inspector on the applications for border crossing cards of nonresident aliens. The court reversed Krezdorn's convictions, finding that the district court abused its discretion in admitting 32 additional forgeries not charged in the indictment. The court noted that the additional forgeries did not tend to establish the existence of a larger goal of which the charged forgeries were only a part,

5

but only showed defendant's propensity to commit forgery. *Id.* at 1332. The court further stated:

> Moreover, even if the thirty-two forgeries could somehow be considered relevant to the existence of a plan, the evidence fails to satisfy the second prong of the test for admissibility under Rule 404(b). A primary danger inherent in the admission of evidence of extrinsic offenses is that the jury might, inadvertently perhaps, punish the defendant for the uncharged activity. Here, where the extrinsic evidence involves precisely the crime with which Krezdorn was charged, to allow the introduction of the extrinsic offense evidence would be to allow the jury to be overwhelmed by the sheer numerosity of the offenses. Thus, not only does the evidence relate only to defendant's character, which is specifically prohibited by Rule 404(b), but in addition, the probative value is substantially outweighed by the unfair prejudice.

*Id.*

## The Proffered 404(B) Evidence Should Be Excluded Since It Is Irrelevant To Any Issue In This Case

Applying the pertinent law to this case, it is apparent that the government's proffered 404(b) evidence should be excluded from the trial. The Indictment primarily charges Agent Martinez with various extortion and bribery schemes in connection with his employment as an ICE agent. In four (4) of 12 counts, the Indictment charges that Agent Martinez made false statements in connection with his alleged bribery and extortion schemes: Counts 1 and 2 involves a purported U.S. State Department document furnished sometime between July 2010 and March 2011 by someone other than Agent Martinez to alleged extortion victims indicating that they were no longer targets of an HSI investigation.[1] Counts 5 and 6 involve Significant Public Benefit Parole Forms prepared by Agent Martinez in March of 2010. Count 5 alleges Agent Martinez falsely stated that

---

[1] We do not believe that the government possesses evidence that Agent Martinez either prepared or ever laid eyes on this document prior to the defense receiving it in discovery in this case. In addition, this purported State Department document is an extremely sophisticated forgery, totally unlike the handwritten bathroom estimate sought to be introduced as extrinsic evidence.

the parolees were witnesses in a drug investigation. Count 6 alleges that Agent Martinez falsely stated that the parolee was the dependent of a witness in a drug investigation.

By contrast, the 404(b) evidence the government seeks to introduce is addressed solely to a 2006 SBA loan application Agent Martinez and his wife submitted to obtain funds to repair their hurricane damaged home. Other than an allegation that that false information was provided in both instances, the SBA application no other similarity to the alleged false documents in this case. After all, these incidents are alleged to have taken place 4 or 5 years apart; they involved different participants; one was for a personal purpose and the others were employment related; one was for the purpose of procuring a loan and the others for the purpose of facilitating purported bribery and extortion schemes; and, finally, the handwritten World Kitchens estimate has no physical similarity whatsoever to the sophisticated forgery of the State Department document. Plainly, the proffered 404(b) evidence has little in common with the charges in this case and is being introduced "solely to demonstrate the criminal disposition of [Agent Martinez] to support the inference that he committed the crime with which he is charged." *Michelson v. United States, supra.*

### The Extrinsic Evidence Should Be Excluded Since Its Probative Value Is Substantially Outweighed By Its Prejudicial Effect

Moreover, even if this extrinsic evidence were to have some relevance to the current charges, it should still be excluded since its "probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of evidence." United States v. Borja-Antunes, 530 Fed. Appx.

7

882, 886 (11th Cir. 2013); *See* Fed. R. Evid. 403; *United States v. Edouard*, 485 F.3d 1324, 1344 & n.8 (11th Cir. 2007).  Because Agent Martinez denies that any part of the SBA application is false, he will have no choice but to put on a full and complete factual defense to this charge.  The government estimates that its case-in-chief will take at least three weeks to present.  Given that this extrinsic evidence will be contested by the defense, this issue may add days to the trial.  The presentation of such unrelated, confusing and time consuming evidence on an extrinsic issue of, at best, tangential relevance necessarily will draw the jury's attention from the actual issues in this case, thereby causing jury confusion, undue delay, and unfairly prejudicing Agent Martinez's right to a fair trial.

WHEREFORE, Agent Martinez requests the court to enter an order precluding the government from presenting the proffered 404(b) evidence relating to the 2006 SBA loan application.

Respectfully submitted,

s/Martin R. Raskin
Martin R. Raskin
Fla. Bar No. 0315206
mraskin@raskinlaw.com

s/Jane Serene Raskin
Jane Serene Raskin
Fla. Bar No. 0848689
jraskin@raskinlaw.com

**RASKIN & RASKIN, PA**
866 South Dixie Highway
Coral Gables, Florida 33146
Telephone: (305) 444-3400
Facsimile: (305) 445-0266

s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez
Fla. Bar No. 821537

**PIÑERA-VAZQUEZ LAW FIRM**
International Center
1900 Southwest 3rd Avenue
Miami, Florida 33129
Telephone: (305) 443-0629

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Martin R. Raskin
