**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-20929-CR-ALTONAGA**

**UNITED STATES OF AMERICA**

**v.**

**JUAN FELIPE MARTINEZ,**

**Defendant.**
______________________________/

**DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO DISCLOSE WHETHER ANY EVIDENCE DERIVED FROM INTELLIGENCE MONITORING AND THE EXISTENCE OF ANY PROMISES OF IMMUNITY, LENIENCY OR PREFERRED TREATMENT**

The defendant, **JUAN MARTINEZ**, through counsel, respectfully files this Motion to Compel the government to disclose whether any of the evidence in this case originated or was derived from intelligence monitoring. In addition, the defendant moves to compel the government to disclose the existence and substance of any promises of immunity, leniency or preferred treatment to any witness or source of information not yet disclosed. The grounds for this Motion to Compel are as follows:

1. On December 18, 2013, the government charged Agent Martinez, a fourteen year Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, with twelve counts of extortion, bribery and false statements. [D.E. 1]. The indictment relies on allegations of confidential informants, cooperating witnesses with a documented history for lying, and cooperating defendants. Many of the alleged acts detailed in the Indictment originated and took place in Colombia.

2. Last month, the defense learned for the first time that one of the informants in this

case, Camilo Gomez, is a DEA Special Operations Division ("SOD") protected informant. *See* D.E. 99. The SOD is a secret unit of the DEA that funnels information from intelligence intercepts, wiretaps, informants and massive data basis of telephone records to authorities throughout the nation to initiate criminal investigations of United States citizens. *See,* D.E. 99, Composite Exhibit D. According to available public information, SOD has several partner agencies, including the Department of Homeland Security, ICE. ID. While SOD distributes the information gained through intelligence sources, their involvement and the origin of the information is routinely concealed through a process labeled "parallel construction." *Id.* By concealing the true origin of the information that initiated a criminal investigation, the government effectively prevents a defendant from challenging the constitutionality of the arrest or the evidence.

3. As part of its investigation, the defense has learned that DEA and ICE routinely share such intelligence information and the clandestine origin of the information is routinely withheld from defendants. Due to the confirmed involvement of SOD and the fact that many of the alleged illegal activities in this case originated and took place in Colombia, the defense specifically requests that the government disclose whether any portion of this case originated with such intelligence information.

4. Further, the defendant specifically requests, pursuant to 50 U.S. C. § 1806(f) under the Foreign Intelligence Surveillance Act, that the government disclose whether he is the target of any such electronic surveillance. If so, the defendant requests that the government provide any applications or orders or other materials relating to electronic surveillance. In April 2014, the defendant made an informal request for this information and the government refused to confirm or deny whether such information existed.

5. During the course of trial preparation, the government has revealed that they do not intend to call certain confidential informants and witnesses residing outside the jurisdiction of the United States. The defense does not have the ability to subpoena these witnesses and allow them entry to the United States.

6. Likewise, the defense has learned that several potential witnesses, although classified as unindicted coconspirators have not been charged, nor does it appear that the government intends to charge these alleged coconspirators. As such, the defense specifically requests that the Court compel the disclosure of any preferred treatment that the government has elected to bestow on any unindicted coconspirator.

7. As previously stated, undersigned defense counsel specifically requested the disclosure of any intelligence information and the government stated that they could not provide a response.

**WHEREFORE**, the defendant, **JUAN MARTINEZ**, requests that the Court grant the instant Motion to Compel.

Respectfully submitted,

**PIÑERA-VAZQUEZ LAW FIRM**
International Center
1900 Southwest 3rd Avenue
Miami, Florida 33129
Tel: (305) 443-0629

s/ Silvia B. Pinera-Vazquez
Silvia B. Piñera-Vazquez, Esq.
Fla. Bar No. 0821537

**RASKIN & RASKIN , P.A.**
866 S. Dixie Highway
Coral Gables, FL 33146
305-444-3400

s/ Martin R. Raskin

Martin R. Raskin, Esq.
Florida Bar No. 0315206

s/ Jane Serene. Raskin
Jane Serene Raskin, Esq.
Florida Bar No. 0848689

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 26, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this document is being served simultaneously on all counsel of record in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF, or in another authorized manner.

s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq